UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Madalyn Barton Fischer</u>

    v.                                            Civil No. 12-cv-146-PB

<u>Aaron Firman, et al.</u>[1]

## O R D E R

Before the court for a preliminary review is the complaint (doc. no. 1) filed in forma pauperis by pro se plaintiff, Madalyn Fischer. Because Fischer is proceeding pro se and in forma pauperis, the complaint is before the court for preliminary review to determine if the matter is within this court's jurisdiction and, if so, whether the complaint states any claim that may be served. <u>See</u> 28 U.S.C. § 1915(e); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).[2]

---

[1] Defendants are the plaintiff's son-in-law Aaron Firman, her daughter Kelly Barton Firman, and the First National Bank of Canada.

[2] Also before the court is a motion to appoint counsel (doc. no. 3) and a motion to transfer the case (doc. no. 4) to the United States District Court for the District of Maine. The court will take up those motions in a separate order, as appropriate, after Fischer has had an opportunity to respond to this order.

**Background**

Construed liberally, the handwritten complaint in this case asserts that Fischer is a resident of Maine living on a fixed income in temporary housing, and that she is on a waiting list for affordable housing. Defendants Kelly Barton Firman ("Kelly") and Aaron Firman ("Aaron"), Fischer's daughter and son-in-law, live in New Hampshire.

Fischer has alleged that Kelly, with the help of Attorney Jeffrey Schapira of Manchester, New Hampshire, pursued an action to have a custodian or guardian appointed for Fischer, in order that Kelly could gain access to Fischer's money. Fischer has alleged that her daughter uses the money without providing any accounting to show how she spent it.

Fischer claims to be the beneficiary of an inheritance, allegedly consisting of stocks, bonds, and/or proceeds from a Canadian life insurance policy. No one has been able to locate that inheritance for Fischer, and unspecified persons have told her that the inheritance does not exist. Fischer has alleged that her daughter has taken the inheritance.

Fischer also asserts that Aaron has forged Fischer's name and used her social security number in connection with a car loan, credit cards, and a mortgage from the First National Bank

of Canada, named as a defendant in this action.  Fischer has provided a Canadian address for that bank,[3] and she has asked for the appointment of a lawyer licensed to practice in the United States and Canada.

## Discussion

Federal courts are courts of limited jurisdiction. Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008). The presumption is that a federal court lacks jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The burden is on the plaintiff who claims jurisdiction to affirmatively allege jurisdiction and prove it.  See id.; K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1027 (9th Cir. 2011), cert. denied, 132 S. Ct. 1098 (2012).  If the court lacks subject matter jurisdiction over a matter, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

Simply put, some lawsuits cannot be filed in federal court because no federal law authorizes the court to hear the case. It is up to Fischer to show that her claims fit within the laws defining the scope of the court's jurisdiction.

---

[3] The complaint's reference to the bank's lost litigation department is construed to be the "loss mitigation" department.

One way in which this court's jurisdiction can be established is by assertion of a claim for relief that arises under federal law.  See 28 U.S.C. § 1331.  No such claim appears on the face of the complaint here.

Another manner in which federal court jurisdiction can be invoked is by plaintiff's assertion of facts demonstrating that an action lies within the court's "diversity jurisdiction."  See 28 U.S.C. § 1332.  Such a case involves claims seeking more than $75,000, filed by a person who lives in one state, against citizens of a different state, or against a citizen of another country.  Id.  Fischer, who lives in Maine, has asserted state law tort claims of theft and fraud against her daughter and son-in-law, who live in New Hampshire.  The defendant bank is in Canada.  Fischer has therefore satisfied the residency requirement of diversity jurisdiction, under 28 U.S.C. § 1332.[4]

---

[4] On February 2, 2012, this court issued a report and recommendation in an earlier case filed by Fischer, Fischer v. Schapira, No. 11-CV-333-JD, recommending that the case be dismissed for lack of subject matter jurisdiction.  One basis for the report and recommendation was a mistaken finding about where Fischer lived.  Fischer did not object to the report and recommendation. The district judge accepted it, and, on February 23, 2012, a judgment of dismissal without prejudice was entered, closing that case.  This court's review of the record in the instant case has revealed the court's earlier mistake regarding Fischer's residency.  As the dismissal of Case No. 11-CV-333-JD was without prejudice, that judgment does not bar Fischer from reasserting the same claims in a different case.

To establish diversity jurisdiction, however, Fischer must also assert that the statute's $75,000 "amount in controversy" requirement in § 1332(a) has been met.  Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 41 (1st Cir. 2012) ("[t]he federal plaintiff carries the burden to establish that the minimum amount in controversy has been met").  The amount claimed by the plaintiff controls the question, unless challenged by the court or the defendant.  Id.

Fischer has not specifically claimed that more than $75,000 is at stake in this case.  Fischer has failed to allege that the possible losses, personal injuries, or other damages she may have suffered, due to defendants' alleged misdeeds, exceed $75,000.  Because the court cannot determine, based on the allegations in the complaint, whether Fischer can assert facts sufficient to show that the court has jurisdiction over the case, the court will provide Fischer with an opportunity to file documents or otherwise allege facts to show that at least $75,000 is at stake, or that some other federal law provides the court with jurisdiction.  See LR 4.3(d) (magistrate judge may direct plaintiff to file amended complaint).

**Conclusion**

For the foregoing reasons, the court grants Fischer leave to file, within 30 days of the date of this order, an amended complaint including factual allegations showing either that this action arises under federal law, or that there is more than $75,000 in damages at stake in this action. If Fischer fails to comply with this order, this court may recommend that the action be dismissed without prejudice for lack of subject matter jurisdiction.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

May 14, 2012

cc:  Madalyn Fischer, pro se

LBM:nmd