### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE


Madalyn Barton Fischer

    v.                                  Civil No. 12-cv-146-PB

Aaron Firman et al.[1]


### REPORT AND RECOMMENDATION


Before the court for a preliminary review is the complaint (doc. no. 1) filed in forma pauperis by pro se plaintiff, Madalyn Fischer.  See 28 U.S.C. § 1915(e); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).  LR 4.3(d) designates the magistrate judge to conduct a preliminary review of such complaints.  Also pending before the court is a motion to transfer this action to the United States District Court for the District of Maine (doc. no. 4), that has been referred to the magistrate judge.  See Order (May 22, 2012).

---

[1]Defendants are the plaintiff's son-in-law Aaron Firman, her daughter Kelly Barton Firman, and the First National Bank of Canada.

**Background**

Construed liberally, the complaint in this case asserts that Fischer is disabled and living on a fixed income in temporary housing in Maine, awaiting the availability of affordable housing in that state.  Defendants Kelly Barton Firman ("Kelly") and Aaron Firman ("Aaron"), Fischer's daughter and son-in-law, live in New Hampshire.

Fischer has alleged that Kelly, with the help of Attorney Jeffrey Schapira of Manchester, New Hampshire, pursued an action to have a custodian or guardian appointed for Fischer, so that Kelly could gain access to Fischer's money.  Fischer has alleged that her daughter uses Fischer's money without providing any accounting to show how she spends it.

Fischer claims to be the beneficiary of an inheritance that includes proceeds from a Canadian life insurance policy.  No one has been able to locate that inheritance for Fischer, and unspecified persons have told her that the inheritance does not exist.  Fischer has alleged that her daughter has taken the inheritance.

Fischer also asserts that Aaron has forged Fischer's name and used her social security number in connection with a car loan, credit cards, and/or a mortgage from the First National

Bank of Canada, named as a defendant in this action.  Fischer has provided a Canadian address for that bank.

After filing her complaint, Fischer filed a motion (doc. no. 4), asking that the court transfer this case to the United States District Court for the District of Maine, as it is difficult for her to come to this court from her home in Maine because she does not drive.

Fischer's complaint does not assign any dollar value to her claims in this action.  This court issued an order on May 14, 2012 (doc. no. 5), granting Fischer leave, within 30 days, to amend her complaint to show that her claims are for damages equaling or exceeding $75,000, or to show that her claims arise under any federal statute that would provide this court with jurisdiction over the case.  Fischer has not filed a response to that order.

## Discussion

I.   Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008). The presumption is that a federal court lacks jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The burden is on the plaintiff who claims jurisdiction

to affirmatively allege jurisdiction and prove it.  See id.; K2
Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1027 (9th
Cir. 2011), cert. denied, 132 S. Ct. 1098 (2012).  If the court
lacks subject matter jurisdiction over a matter, the court must
dismiss the action.  Fed. R. Civ. P. 12(h)(3).

To establish federal jurisdiction over a case involving
only state law claims, a plaintiff must assert that the "amount
in controversy" requirement in 28 U.S.C. § 1332(a) has been met,
in that the amount at stake in the suit is at least $75,000.
Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 41 (1st Cir. 2012)
("federal plaintiff carries the burden to establish that the
minimum amount in controversy has been met").  The amount
claimed by the plaintiff controls the question, unless
challenged by the court or the defendant.  Id.

In this case, Fischer has not specifically claimed that
more than $75,000 is at stake in this case.  She has also failed
to allege facts indicating that the possible losses, personal
injuries, or other damages she may have suffered due to
defendants' alleged misdeeds exceed $75,000.  She has failed to
allege, for example, that any lender is seeking recourse against
her as to loans fraudulently obtained by her son-in-law, or that
any other actions taken by defendants have caused her to suffer
damages totaling more than $75,000.

This court's May 14, 2012, order (doc. no. 5) cautioned Fischer that a failure to file an amended complaint could result in a recommendation that the case be dismissed without prejudice for failing to invoke the subject matter jurisdiction of this court.  Because Fischer did not respond to that order, and has otherwise failed to carry her burden of establishing that her claims are within the subject matter jurisdiction of this court, the court should dismiss this action without prejudice.

II.  Motion to Transfer

This court has authority to transfer any case to another federal court to cure a want of jurisdiction, if the transfer is in the interest of justice.  See 28 U.S.C. § 1631 (to cure want of jurisdiction, federal court in the interest of justice may transfer action to any other federal court in which action could have been brought).  Because plaintiff has failed to carry her burden of showing that this court has jurisdiction over this case, and because the federal district court in Maine would similarly lack jurisdiction, this court should deny the motion to transfer this action to the federal district court in Maine.[2]

_____

[2]Denying the motion to transfer at this time would not preclude plaintiff from refiling her claims in any court, including a federal court in Maine, if she is able to show that the court has jurisdiction over her claims.

Conclusion

For the foregoing reasons, the court should deny the motion to transfer this case (doc. no. 4) and dismiss this case for lack of subject matter jurisdiction, without prejudice to plaintiff refiling the action in any court with jurisdiction over the case.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

June 19, 2012

cc:  Madalyn Fischer, pro se

LBM:nmd

6